UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

| | | |
|---|---|---|
| THOMAS E. PEREZ, | ) | |
| Secretary of Labor, | ) | FILE NO. |
| United States Department of Labor, | ) | |
| | ) | 2:16-cv-00093-WCO |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| SANITATION SOLUTIONS, INC., and | ) | |
| KEVIN BYRD, an Individual, | ) | |
| | ) | **C O M P L A I N T** |
| Defendants. | ) | **(Injunctive Relief Sought)** |

Plaintiff brings this action pursuant to § 17 of the Act, 29 U.S.C. § 217, to have Sanitation Solutions, Inc. and Kevin Byrd enjoined from violating the provisions of §§ 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the Act; and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid minimum and overtime wages, together with an equal amount as liquidated damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act, 29 U.S.C. § 217, to enjoin violations of the Act and to restrain the withholding of back wages due under the Act; and by 28 U.S.C. § 1345 to award additional amounts equal to back wages due as liquidated damages under § 16(c) of the Act, 29 U.S.C § 216(c).

II

A. Defendant, Sanitation Solutions, Inc. ("Sanitation Solutions"), at all times hereinafter mentioned, has been a corporation having a place of business and doing business in Forsyth County, Georgia.

B. Defendant, Kevin Byrd ("Byrd"), at all times hereinafter mentioned, acted directly or indirectly in the interest of Defendant, Sanitation Solutions, in relation to their employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d). Byrd makes final decisions on the operation of the enterprise including but not limited to scheduling, staffing, hiring and firing.

III

At all times hereinafter mentioned:

A. Defendants Sanitation Solutions and Byrd (collectively "Defendants"), engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

B. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce, such as office supplies and trucks that are manufactured and assembled outside of the state of Georgia; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

Since November 12, 2012, Defendants repeatedly violated the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees, including drivers and helpers, employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate.

V

Since November 12, 2012, Defendants repeatedly violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees, including drivers and helpers, for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

VI

Since November 12, 2012, Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

VII

WHEREFORE, cause having been shown, Plaintiff prays for Judgment pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees and all persons in active concert or participation with them from violating the

provisions of §§ 6(a), 7(a), and 11(c) of the Act and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of two (2) years prior to the commencement of this action, and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial); and for such other and further relief as may be necessary and appropriate including costs of this action.

Respectfully submitted,

| | |
|---|---|
| ADDRESS:<br>Office of the Solicitor<br>U.S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303<br>Telephone:  404.302.5435<br>Facsimile:  404.302.5438<br>E-mail:  walter.robert@dol.gov<br>　　　　ATL.Fedcourt@dol.gov<br>　　　　moukalif.monica.r@dol.gov | M. PATRICIA SMITH<br>Solicitor of Labor<br><br>STANLEY E. KEEN<br>Regional Solicitor<br><br>ROBERT L. WALTER<br>Counsel<br><br>*s/ Robert L. Walter*<br>WALTER L. ROBERT<br>Counsel<br>GA Bar No. GA735410<br><br>*s/ Monica R. Moukalif*<br>MONICA R. MOUKALIF<br>Trial Attorney<br><br>Attorneys for Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor |

.